1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

9

AT SEATTLE

10

11

DAVID MUNGAI NJENGA,                          )
                                              )
            Plaintiff,                         )        CASE NO.      C03-764P
                                              )
    v.                                        )
                                              )        REPORT AND RECOMMENDATION
JOEL HOUSTON,                                 )
                                              )
            Defendants.                        )
_____)

12

13

14

15

16        This is a civil rights action brought under 42 U.S.C. § 1983.  Plaintiff alleges in his amended

17   civil rights complaint, filed on November 10, 2003, that he was subject to an illegal arrest by defendant

18   Joel Houston in October 1997.  Specifically, plaintiff asserts that on October 23, 1997, defendant

19   appeared at plaintiff's place of business in Tukwila, Washington to inquire into the reasons for his

20   daughter having been laid off.  According to plaintiff, defendant became agitated and started beating

21   on him and threatening him with a gun.  Plaintiff contends that he called 911 when defendant became

22   physically violent, and that defendant then identified himself for the first time as a police officer with

23   the Seattle Police Department.  Plaintiff asserts that defendant accused him of using a false name and

24   then arrested him.

25

26

REPORT AND RECOMMENDATION
PAGE - 1

1    Plaintiff's amended complaint was served on defendant in late 2003 and, in early 2004,

2    defendant returned a waiver of service of summons form to the Court.  Defendant thereafter failed to

3    respond in any fashion to the complaint despite warnings from the Court that default would be entered

4    against him should he fail to respond.

5    In July 2004, plaintiff filed a motion for default judgment.  In September 2004, this Court

6    granted plaintiff's motion for entry of default, but advised plaintiff that before a default judgment

7    could be entered he must satisfy the Court that he was entitled to the relief sought by way of his

8    amended complaint.  Plaintiff was directed to file and serve an affidavit, and any available

9    documentation, establishing the precise amount of the loss he suffered as a result of the actions of

10   defendant.

11   Plaintiff subsequently filed a one page document identifying the financial losses he claims to

12   have suffered as a result of defendant's actions.  Plaintiff estimates his lost income from both

13   employment and business to be $10,000 per month and he requests that his lost wages be calculated at

14   a rate of $500 per day beginning on the date he claims to have been arrested by defendant Houston,

15   October 23, 1997, and continuing until February 14, 2001.  Plaintiff also requests that defendant be

16   ordered to pay $60,000 which plaintiff claims to have been defrauded out of by members of the

17   Kenyan Police.  Finally, plaintiff appears to seek $10 million for pain and suffering arising out of the

18   time he spent in detention

19   The Supreme Court has stated that "the basic purpose of a § 1983 damages award should be to

20   compensate persons for injuries caused by the deprivation of constitutional rights."  *Carey v. Piphus*,

21   435 U.S. 247, 254 (1978).  Thus, "[a] plaintiff who establishes liability for deprivations of

22   constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages

23   for all injuries suffered as a consequence of those deprivations."  *Borunda v. Richmond*, 885 F.2d

24   1384, 1389 (9th Cir. 1988).  Plaintiff seeks a substantial recovery from defendant for injuries he alleges

25

26   REPORT AND RECOMMENDATION
     PAGE - 2

he suffered as a result of defendant's unconstitutional actions.  However, while plaintiff has arguably

alleged sufficient facts to establish that defendant violated his Fourth Amendment right to be free from

unreasonable search and seizure, he has not alleged sufficient facts to establish that defendant is

responsible for his claimed losses.

Plaintiff asserts that his arrest triggered a series of subsequent events which would not have

occurred but for defendant's unlawful conduct.  Plaintiff contends that at some point following his

arrest by defendant he was turned over to the Immigration and Naturalization Service ("INS"), despite

the fact that he was not in this country illegally.  He claims that Kenyan authorities were informed of

his whereabouts, and that they subsequently bailed him out of INS custody and removed him from the

United States illegally.  Plaintiff further claims that following his removal from the United States he

was detained and tortured by the Kenyan authorities for a period of three years.  He also appears to

claim that Kenyan authorities defrauded him out of a substantial sum of money.  Plaintiff attributes this

entire sequence of events to defendant and appears to seek damages from defendant to cover all losses

suffered as a result of this sequence of events.

Plaintiff has arguably established that defendant arrested him without probable cause on

October 23, 1997.  However, he has not established that defendant played any role in the series of

events which followed, nor has he established that the events which followed were a reasonably

foreseeable consequence of defendant's actions.  In addition,  plaintiff has failed to submit any

documentation supporting his claimed losses.  Plaintiff asks that damages for lost wages be calculated

at a rate of $500 per day, but he fails to provide any evidence that this sum is representative of his

actual losses.

As plaintiff fails to prove what, if any, actual damages he sustained as a result of defendant's

conduct, plaintiff is entitled to nominal damages only in this § 1983.  *See George v. Beach*, 973 F.2d

706 (9th Cir. 1992) ("nominal damages must be awarded if a plaintiff proves a violation of his

REPORT AND RECOMMENDATION
PAGE - 3

1    constitutional rights").  Accordingly, this Court recommends that a default judgment be entered in

2    favor of plaintiff and that plaintiff be awarded nominal damages in the amount of $1.  A proposed

3    order accompanies this Report and Recommendation

4         DATED this  7th  day of March, 2005.

5

6                                              /s/ Monica J. Benton
                                               MONICA J. BENTON
7                                              United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   REPORT AND RECOMMENDATION
     PAGE - 4