UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DAVID M. NJENGA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JOEL HOUSTON,<br><br>　　　　　　Defendant. | No. C03-764MJP<br><br>ORDER ON PLAINTIFF'S MOTION<br>TO REPROSECUTE |

This matter comes before the Court on Plaintiff's "Motion to Reprosecute." (Dkt. No. 48.) Having reviewed Plaintiff's motion and the record in this case, the Court DENIES Plaintiff's motion for the reasons stated below.

**Background**

Plaintiff originally filed this lawsuit in 2002 in the U.S. District Court for the Northern District of California. The case was transferred to this Court in April 2003.

In his amended complaint in this action, Plaintiff brought claims under 42 U.S.C. § 1983 against Seattle police officer Joel Houston for alleged civil rights violations. (Dkt. No. 30.) Although Defendant Houston executed a waiver of service of process (Dkt. No. 33), he never appeared in this matter. On September 27, 2004, the Court granted Plaintiff's request for entry of default against Defendant and directed Plaintiff to file an affidavit and documentation to establish his alleged damages.

ORDER - 1

(Dkt. No. 37.) In response, Plaintiff filed an affidavit that was received by the Court on November 1, 2004. (Dkt. No. 38.) Plaintiff appeared to indicate that he was seeking more than $10 million in damages. This was Plaintiff's last communication to the Court regarding this case prior to filing his pending motion to reprosecute.

On March 7, 2005, Magistrate Judge Benton issued a Report and Recommendation (R&R) regarding Plaintiff's request for default judgment. (Dkt. No. 39.) Judge Benton found that Plaintiff had not proved his claimed damages and recommended awarding Plaintiff nominal damages in the amount of $1. Although the R&R was mailed twice to Plaintiff's last mailing address of record, it was returned both times to the Court as undeliverable.

On May 13, 2005, the Court issued an order adopting Judge Benton's R&R and entered a default judgment for Plaintiff in the amount of $1. (Dkt. Nos. 45 & 46.) The order and judgment were mailed to Plaintiff at his last mailing address of record, but were returned as undeliverable. (Dkt. No. 47.) Plaintiff did not file a notice of appeal from the judgment.

On August 15, 2007, the Court received the pending motion, which also included a new mailing address for Plaintiff. (Dkt. No. 48.) This was the first communication Plaintiff had made to the Court regarding this case since 2004. Plaintiff's motion states that he "moves this court to re prosecute this case." He seeks $1,000,000 for "malicious damages, bodily injury damages, [and] legal expenses." In support of this motion, Plaintiff simply states that he is "the plaintiff in this case and the defendant caused bodily injuries as well as mental and psychology damages and enormous legal expenditure."

**Analysis**

Because Plaintiff is proceeding pro se, the Court construes his pleadings liberally. Although Plaintiff has labeled his motion as a "motion to reprosecute," this case is closed and cannot be "reprosecuted" unless the Court sets aside the default judgment entered in May 2005. Therefore, the

ORDER - 2

1  Court construes Plaintiff's "Motion to Reprosecute" as a motion for relief from judgment brought
2  under Federal Rule of Civil Procedure 60(b).
3      Rule 60(b) enumerates six grounds for granting relief from a judgment. Plaintiff's motion does
4  not set forth any grounds for relief under Rule 60(b)(1)-(5). As a result, his motion must be construed
5  as one brought under Rule 60(b)(6), a "catch-all" provision that permits a court to vacate a final
6  judgment for "any . . . reasons justifying relief from the operation of the judgment."
7      The Ninth Circuit has cautioned that relief under Rule 60(b)(6) "is to be utilized only where
8  extraordinary circumstances prevented a party from taking timely action to prevent or correct an
9  erroneous judgment." United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.
10 1993). "A party seeking to re-open a case under Rule 60(b)(6) 'must demonstrate both injury and
11 circumstances beyond his control that prevented him from proceeding with the prosecution or defense
12 of the action in a proper fashion.'" Delay v. Gordon, 475 F.3d 1039, 1044 (9th Cir. 2007).
13     Plaintiff has offered no reasons justifying relief from the default judgment entered in May 2005.
14 He simply raises the same type of allegations that he previously made to the Court regarding his
15 alleged damages. As a result, his motion does not provide a sufficient basis to grant relief from
16 judgment.
17     Although not discussed by Plaintiff, the Court recognizes that Plaintiff may not have received a
18 copy of the judgment entered on May 13, 2005, even though it was mailed to Plaintiff's last known
19 address of record. However, the Court does not regard this irregularity as a sufficient reason to
20 relieve Plaintiff from the judgment. Plaintiff could have averted this problem if he had complied with
21 Local Civil Rule 41(b)(2), which requires a pro se party to keep the Court advised as to his current
22 address. Plaintiff offers no explanation for his failure to update his address, nor does he explain why
23 he failed to make any communications to the Court regarding this case for nearly three years.
24
25

ORDER - 3

**Conclusion**

Because Plaintiff has not offered a sufficient reason for setting aside the default judgment entered in this case on May 13, 2005, the Court DENIES Plaintiff's "Motion to Reprosecute." The Clerk is directed to send copies of this order to Plaintiff. The Clerk shall also send Plaintiff a copy of the Court's order adopting Judge Benton's report and recommendation (Dkt. No. 45) and the default judgment entered on May 13, 2005. (Dkt. No. 46.)

Dated:   August 31, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 4